## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BERNANDO O. DAVIS, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:13-CR-0058-CAP-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-3511-CAP-JFK |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant, Bernando O. Davis, has filed a 28 U.S.C. § 2255 motion to challenge the constitutionality of his convictions and sentences entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion [175] and the government's response [180]. For the reasons discussed below, Movant's motion to vacate is due to be denied.

## I.   Background

The federal grand jury sitting in the Northern District of Georgia charged Movant with various conspiracy, fraud, and identity crimes. (Redacted Indictment, ECF No. 113). Represented by Derek Jones, Movant proceeded to trial on thirty-one counts: (1) conspiracy to defraud the United States, (2-16) wire fraud, and (17-31) fraud with identification documents. (Redacted Indictment; Minute Entry, ECF No.

109).  The jury found Movant guilty on all counts.  (Jury Verdict, ECF No. 116).  The Court imposed a total 259-month term of imprisonment.  (J. at 2, ECF No. 133).  On October 2, 2014, the Eleventh Circuit Court of Appeals affirmed the judgment. United States v. Davis, 586 F. App'x 534, 540 (11th Cir. 2014).

Movant now seeks relief under § 2255.  (Mot. to Vacate, ECF No. 175). Movant clarifies that he is appearing specially as ":bernando-onassis:davis the sole beneficiary of the defendant BERNANDO ONASIS DAVIS" and that his appearance is merely for the purpose of filing the motion to vacate.  Movant raises four grounds for relief:  (1) ineffective assistance of counsel in failing to file a motion to dismiss under the Speedy Trial Act, (2) ineffective assistance of counsel for turning down a forfeiture judgment without Movant's consent, (3) a "TRUST FRAUD" ground, and (4) a "SUBJECT MATTER JURISDICTION" ground.  (Id.).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal

2

has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164-65 (1982), and it is the movant's burden to establish his right to collateral relief, Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, generally are foreclosed in § 2255 proceedings. Hidalgo v. United States, 138 F. App'x 290, 291, 294 (11th Cir. 2005) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004), and United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir.2000)). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

3

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).  That is the case here, as shown below.

## III.   Discussion

### A.    Counsel's Assistance on Speedy Trial Issues

On February 1, 2013, Movant made an initial appearance before the Court on the criminal complaint that was filed on January 31, 2013.  (Magistrate Compl., ECF No. 1; Minute Entry, ECF No. 4).  Movant and two co-defendants were indicted on February 26, 2013, and Movant was arraigned on March 6, 2013.  (Indictment, ECF No. 14; Minute Entry, ECF No. 25).   The Court excluded from speedy trial computation March 6 through April 23, 2013.  (Order of March 6, 2013, ECF No. 26; Order of March 27, 2013, ECF No. 45; Oral Order of Apr. 3, 2013, ECF No. 49).[1] April 22 through June 19, 2013, also were excluded – from the time Movant filed a

---

[1]The Order of March 6, 2013, excluded from March 6 through March 20, based on Movant's request for additional time to find counsel of his own choosing.  The Order of March 27, 2013, excluded from March 6 through March 25 based on 18 U.S.C. § 3161(h)(6) (allowing for reasonable delay when joined for trial with codefendant).  The oral Order of April 3, 2013, excluded from March 6 through April 23, 2013, under § 3161(h)(7)(A) to allow counsel for the defendant reasonable time necessary for effective preparation.

4

motion for a bill of particulars (as adopted by Co-Defendant Carla Jefferson on May 23, 2013) until the motion was resolved.  (Mot., ECF No. 51; Minute Entry, ECF No. 53; Adopted Mot., ECF No. 59; Order of June 19, 2013, ECF No. 63).[2]

Trial was set for August 19, 2013.  (Notice, ECF No. 64).  July 17, 2013, was excluded, when Movant filed an unopposed motion to continue the trial date, which the Court granted that same day.  (Mot., ECF No. 67;  Order of July 17, 2013, ECF No. 68).  July 26 through 29, 2013, also were excluded – from the time Co-Defendant Jefferson filed an unopposed motion to continue trial until that motion was resolved. (Mot., ECF No. 75; Order of July 29, 2013, ECF No. 76).  In granting the motions to continue, the Court reset trial for September 30, 2013, and excluded from speedy trial computation August 19 through September 30, 2013.  (Order of July 17, 2013, ECF No. 68; Order of July 29, 2013, ECF No. 76).

Prior to September 30, 2013, the government sought an additional continuance in an unopposed motion, which the Court granted, continuing the trial date until December 5, 2013, and excluding the additional time from speedy trial computation. (Mot., ECF No. 78; Order of Sept. 27, 2013, ECF No. 82).  Prior to the newly set trial

---

[2]Documents that pertain to a co-defendant are available on the criminal docket for all Defendants in this case.

5

date, Movant requested an additional continuance, which request the Court denied. (Mot., ECF No. 102; Minute Entry, ECF No. 103).  Trial commenced on December 5, 2013.  (Minute Entry, ECF No. 106).

Movant asserts that counsel was ineffective for failing to file a motion to dismiss under the Speedy Trial Act.  (Mot. to Vacate at unnumbered page 2).  Movant contends that he was indicted on or around February 1, 2013, and that more than seventy days passed before his trial began on December 5, 2013.  (Id.).

The government responds that only sixty-two un-excluded days passed between indictment and trial, that there was no violation of the Speedy Trial Act, and that counsel was not ineffective on the matter.  (Gov't Resp. at 5-9, ECF No. 180).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000).  Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range

6

of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690.  Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

Under the Speedy Trial Act, a federal trial generally must "'commence within seventy days' of the defendant's indictment or initial appearance, whichever is later." <u>United States v. Isaacson</u>, 752 F.3d 1291, 1300 (11th Cir. 2014) (quoting 18 U.S.C. § 3161(c)(1)), <u>cert. denied</u>, _ U.S. _, 135 S. Ct. 990 (2015).  Certain periods of delay, however, must be excluded when computing the seventy-day time period.  18 U.S.C. § 3161(h).  Excludable periods of delay include:  (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" (2) "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"; and (3) a grant of a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(1)(D), (h)(6), (h)(7)(A).  "The day that a pretrial motion is filed and the day on which the

motion is decided by the court" and "[d]elays resulting from co-defendants' motions" are excludable.  United States v. Twitty, 107 F.3d 1482, 1487-88 (11th Cir. 1997).

This ground fails because Movant's contention that more than seventy days passed between indictment and trial, without any discussion on the time periods that the Court found to be excludable, is simply insufficient to meet his burden of showing that he is entitled to collateral relief.  The Court agrees with the government.  As discussed above, March 6 through June 19, July 17, July 26 through 29, and August 19 until December 5, 2013, were excluded.  Thus, after indictment, seven days passed from February 27 through March 5, 2013.  Twenty-seven days passed from June 20 through July 16, 2013.  Eight days passed from July 18 through July 25, 2013. Twenty days passed from July 30 through August 18, 2013.  In total, no more than sixty-two unexcluded days passed between indictment and trial.  Because there was no speedy trial violation, counsel was not deficient in failing to file a motion to dismiss under the Speedy Trial Act.

### B.    Counsel's Assistance on Forfeiture Judgment

The government included a forfeiture provision in the indictment against Movant and sought a money judgment based thereon, 18 U.S.C. § 982(b), 21 U.S.C. § 853(p).  (First Superseding Indictment at 9-10, ECF No. 90; Bill of Particulars, ECF

No. 40).  At sentencing, however, the government withdrew its forfeiture motion and request for a money judgment as part of sentencing.  (Sentencing Tr. at 16, ECF No. 157).

Movant contends that when he first met his counsel he informed him that he wanted a money settlement or judgment.[3]  (Mot. to Vacate at unnumbered page 2). Movant indicates that counsel turned down a forfeiture judgment[4] and that counsel also stated he would not represent Movant on the matter, apparently because it involved ineffective assistance of counsel.  (Id.).

The Strickland standard again applies.  The government's withdrawal of its forfeiture motion and its request for a money judgment in Movant's criminal proceedings forecloses any showing of prejudice based on counsel's handling of the matter in Movant's criminal proceedings.  Movant does not show that there is any civil forfeiture proceeding on the matter.  Moreover, counsel's representation in regard

---

[3]It appears that Movant desired a forfeiture judgment instead of a prison term.

[4]The Court is aware of no authority for Movant's implied argument that the entry of a forfeiture judgment would have foreclosed the imposition of a term of imprisonment and/or restitution, when, as in Movant's case, the indictment includes a forfeiture provision.  See Libretti v. United States, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is part of a sentence); United States v. Joseph, 743 F.3d 1350, 1354-55 (11th Cir. 2014) (approving imposition of both restitution and forfeiture as part of criminal sentence with term of imprisonment).

9

to such proceedings would not provide grounds for § 2255 relief from Movant's criminal judgments and sentences.

### C.   Trust Fraud and Subject Matter Jurisdiction

The Court has read Movant's "TRUST FRAUD" ground and concludes that it lacks any genuine substance and is frivolous.  (See Mot. to Vacate at unnumbered pages 4-9).  Movant argues that he is ":bernando-onassis:davis" a living man and the beneficiary of the trust known as "BERNANDO ONASSIS DAVIS" and appears to believe that – by changing the font of his name and quarreling about who he is and how he is defined – he can somehow avoid being held accountable for his criminal actions.

Movant's argument is a nonstarter.  Although certain aspects of the law may appear obscure and technical to a lay person, it is a mistake to think that the law is merely a game of technicalities set free from reality.  See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that it is frivolous to attempt to avoid criminal liability by denying that one is a criminal defendant and instead referring to oneself as a third-party intervenor), cert. denied, _ U.S. _, 134 S. Ct. 2682 (2014). Only one aspect of the Trust Fraud ground requires any additional discussion – Movant's statement that he signed an unspecified document because he was under

10

threat of physical assault.  (Mot. to Vacate at unnumbered page 8).  This statement would raise a concern had Movant entered into a plea agreement.  However, he did not.  Movant does not identify the document or explain how it is relevant to the fact that a jury found him guilty on all counts.

The Court has read Movant's "SUBJECT MATTER JURISDICTION" ground and concludes that it also lacks any genuine substance and is frivolous.  (See id. at unnumbered pages 10-18).  A federal district court has subject matter jurisdiction to hear and determine federal charges against a criminal defendant.  See 18 U.S.C. §3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000) ("The United States filed an indictment charging Alikhani with violating 'laws of the United States,' and § 3231 on its face empowered the district court to enter judgment upon the merits of the indictment . . . ."); see also United States v. Schumaker, 479 F. App'x 878, 881-82 (11th Cir. 2012) (rejecting as "unbelievably frivolous" a challenge to district court's subject matter jurisdiction under § 3231 (quoting United States v. Collins, 510 F.3d at 697, 698 (7th Cir. 2007))).  Movant's final two grounds fail.

11

## IV.   Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because the recommended disposition of Movant's grounds is not reasonably debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

12

**V.**     <u>**Conclusion**</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion [175] be **DENIED** and

that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255

motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 25th day of March, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

13